UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTWIONNE A. FUQUA,

*Plaintiff*,

– against –

FBI; MISS. OTOME; MR OSTORY LIVE SAME,

*Defendants*.

**MEMORANDUM & ORDER**
26-cv-01867 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge:

On March 30, 2026, pro se plaintiff Antwionne A. Fuqua filed this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See generally* Compl., ECF No. 1. That same day, plaintiff filed a motion for leave to proceed *in forma pauperis*. *See* Mot. for Leave to Proceed IFP, ECF No. 2.

On May 11, 2026, the Court granted plaintiff's request to proceed *in forma pauperis* but dismissed his Complaint without prejudice, finding it frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See generally* Memorandum and Order ("May 11 Order"), ECF No. 3. The Court granted plaintiff 30 days' leave to amend his Complaint and an additional 44 days' extension at his request. *See* May 11 Order 4; ECF Order dated June 24, 2026. Before the Court is plaintiff's Amended Complaint, filed on July 24, 2026. *See* Amended Compl., ECF No. 6.

For the reasons stated below, the Court dismisses plaintiff's Amended Complaint and denies leave to further amend.

## BACKGROUND

Plaintiff's Amended Complaint drops all but one of the defendants—the FBI—from his original Complaint and adds two more, "Miss. Otome" and "Mr Ostory Live same." *Compare* Compl. 1 *with* Amended Compl. 1.[1] In stream-of-conscious prose, he asserts that he has been stalked and surveilled, Amended Compl. 1 ("FBI Gestapo survaillance in apt 24/7. Surveillance done in eviction cases. In both eviction cases pain, muffled ears."); that he has been called racial ephithets, Amended Compl. 2 ("At dentist, yesterday, Fisa court surveillance shaking head and trembles in body and stalking called [ephithet]."), and that improprieties have occurred with respect to two eviction cases against him, Amended Compl. 2 ("Last two Brooklyn eviction court cases . . . Fisa Court Gestapo stalking pain in court to[o]." and "Colluding in court seen, gestapo FBI way refusing [u]nredacted intelligence motion."). He further claims that "[t]he laws broke[n] are international and state and local government using advance[d] counter terrorism, cheamtrails linguistic machines to communication Weed and Seed way." Amended Compl. 6. The Amended Complaint also includes unexplained copied and pasted U.S. Code provisions, including the definition of "torture" under 18 U.S.C. § 2340. Amended Compl. 7.

## LEGAL STANDARD

Courts are required to give special consideration to pro se litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving pro se litigants special

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Case: 26-2612, 09/17/2026, DktEntry: 2.1 (3 of 5)

consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). "A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).[2]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, a complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). When a complaint does not comply with that requirement, the court has the ability to dismiss it. *Id.* However, "dismissal is usually reserved for those cases in which the

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed *in forma pauperis* by a non-prisoner if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Like his original Complaint, plaintiff's Amended Complaint must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "An action is frivolous if it lacks an arguable basis in law or fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions which are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Even construing plaintiff's Amended Complaint liberally, it does not contain credible factual allegations or a plausible legal claim. Indeed, to the extent any factual allegations are discernible from this pleading, they are "wholly incredible, irrational, and/or appear to be the product of delusion or fantasy." *Curmen v. United States Gov't*, No. 18-cv-01546, 2018 WL 2324060, at *3 (E.D.N.Y. May 22, 2018). Plaintiff's Amended Complaint is therefore dismissed sua sponte. *See Cavienss v. Alibaba Grp. All Major Vaping Co.,* No. 25-cv-04636, 2025 WL 3159243, at *2 (E.D.N.Y. Nov. 12, 2025); *Taylor*

*v. Securus Techs., Inc.*, 25-cv-01416, 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025); *Lewis v. United States*, 24-cv-02503, 2024 WL 1577930, at *2–3 (E.D.N.Y. Apr. 11, 2024).

Where a district court has given a pro se plaintiff at least one opportunity to amend and concludes following amendment that the plaintiff has given "no indication that a valid claim might be stated," further amendment should be denied. *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (summary order). Here, the Court granted plaintiff the opportunity to amend, and the Amended Complaint failed to put forward any non-frivolous claims. Accordingly, the Court determines that further amendment would be futile, and the Amended Complaint must be dismissed with prejudice. *See Curmen*, 2018 WL 2324060, at *3.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice. The Court finds under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, to serve a copy of this order, the judgment, and an appeals packet on plaintiff at the address of record, to note service on the docket, and to close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: August 27, 2026
Brooklyn, New York